**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRISTANA HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, TRISTANA HUNT, by and through her attorneys, and alleges the following against WALMART INC.:

**Jurisdiction, Parties, and Venue**

1.  This case arises under Title VII of the Civil Rights Act, as amended, codified at U.S.C. § 2000e-3(a).

2.  As a result, this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question jurisdiction).

3.  Venue is appropriate here because the events giving rise to this lawsuit arose in this District, namely in Crestwood, Illinois.

4.  Walmart Inc., formerly known as Wal-Mart Stores, Inc., is an American multinational retail corporation that operates a chain of hypermarkets, discount department stores, and grocery stores.

5.  Walmart Inc. ("Walmart") is headquartered in Bentonville, Arkansas,

6.  Walmart is incorporated in Delaware.

7.  Walmart owns and operates a store in Crestwood, Illinois (Store #3601).

8.  Hunt worked for the Crestwood Walmart from 2006-2016.

1

9.    This Court has personal jurisdiction over Walmart because it does business in Illinois. Indeed, Walmart is the largest private employer in Illinois.

## Facts

10.    Hunt began her career with Walmart as an Accounting Associate (overnight).

11.    Thereafter, when that position was eliminated, Hunt's job title was changed to Modular Team Associate (overnight).

12.    From May-September 2013, Hunt was sexually harassed by her supervisor, Daniel Watson, while working overnight in Electronics.

13.    Hunt filed an internal complaint about this harassment with her Store Manager on September 27, 2013.

14.    Thereafter, she was kept off work by her doctors—at first intermittently—but then continuously from January 2014-August 2015.

15.    Hunt received disability benefits from Walmart during this time: she was not fired and remained an employee.

16.    On January 29, 2014, Hunt filed a Charge of Discrimination at the EEOC, alleging that she had been sexually harassed by Daniel Watson in 2013.

17.    On June 17, 2015, after closing its investigation into Hunt's sexual harassment allegations, the EEOC informed Hunt and Walmart that it had found reasonable cause to believe that Walmart had subjected her to sexual harassment in violation of Title VII (and that it would attempt conciliation).

18.    On August 18, 2015, Hunt's doctor cleared her to return to work at Walmart.

19.    Hunt provided her doctor's note to Walmart on August 20, 2015, in-person, to the Personnel Coordinator.

2

20.     Walmart did not reinstate Hunt in response to her delivering that note on August 20, 2015.

21.     On October 16, 2015, Hunt sent a letter to Walmart's HR Department, with a work release from a different doctor.

22.     Walmart did not reinstate Hunt in response to the October 16, 2015 letter.

23.     On December 9, 2015, Hunt called the Crestwood store to ask about reinstatement.

24.     On December 9, 2015, Hunt called the Regional Office to ask about reinstatement.

25.     On December 9, 2015, Hunt called the District Office to ask about reinstatement.

26.     On December 9, 2015, Hunt called the main corporate office (in Arkansas) to ask about reinstatement.

27.     Walmart did not reinstate Hunt in response to any of these December 9, 2015 calls.

28.     On February 22, 2016, Hunt called the District Office to ask about reinstatement.

29.     Walmart did not reinstate Hunt in response to this February 22, 2016 call to the District Office.

30.     On February 22, 2016, Hunt called the Crestwood store to ask about reinstatement.

31.     Walmart did not reinstate Hunt in response to the February 22, 2016 call to Crestwood.

32.     On February 25, 2016, Hunt went to the Crestwood store and spoke to a co-manager in-person.

33.     Walmart did not reinstate Hunt in response to this February 25, 2016 visit to Crestwood.

34.     On March 1, 2016, Hunt called the Crestwood store to ask about reinstatement

35.     Walmart did not reinstate Hunt in response to this March 1, 2016 call to Crestwood.

36.     On March 2, 2016, Hunt called the District Office to ask about reinstatement.

3

37.     Walmart did not reinstate Hunt in response to this March 2, 2016 call to the District Office.

38.     On March 14, 2016 (after conciliation efforts with Walmart had failed), the EEOC issued Hunt a notice of her right to sue based on her Title VII sexual harassment allegations.

39.     On June 7, 2016, Hunt filed a lawsuit in the Northern District of Illinois, *pro se,* alleging that she had been subjected to sexual harassment by Walmart in violation of Title VII.

40.     On June 30, 2016, Hunt went in-person to the Crestwood store, spoke to the Store Manager, Jennifer Bell, and asked to return to work. Bell told Hunt that Hunt was on her "roster," but that she knew Hunt was in litigation with Walmart. Hunt confirmed that she had filed a claim with the EEOC under Title VII, for sexual harassment. Bell told Hunt that she would get back to her after talking to Judy Zorek and took Hunt's phone number.

41.     No one from Walmart called Hunt.

42.     On July 6, 2016, Hunt sent a formal letter to her Crestwood store, to the District Office in Plainfield, and to Walmart's corporate office in Arkansas, asking to return to work at Walmart. She included her Store Manager, the Regional Office Manager, and District Manager.

43.     In the letter, Hunt detailed her attempts to return to work over the prior 11 months. Hunt finished by saying "I would very much like to return to work, under the care of my doctor."

44.     Walmart did not reinstate Hunt in response to this letter—or at any point thereafter.

45.     On July 12, 2016, Hunt spoke with a "benefits department" associate at length. The person suggested she go in person to check on her status.

46.     Walmart did not reinstate Hunt in response to this conversation.

47.     On July 29, 2016, Hunt filed a charge of Retaliation at the EEOC.

48.     On September 8, 2016, Judy Zorek, HR Market Manager, contacted Hunt, and they discussed Hunt's desire to return to work.

49.     This was the first contact from Walmart that Hunt had received since first trying to come back to work over a year earlier, in August of 2015.

50.     Zorek requested a return to work release from Hunt; Hunt provided one.

51.     On September 9, 2016, Walmart, through its attorneys at Littler Mendelson, submitted a position statement to the EEOC in relation to Hunt's July 29, 2016 EEOC charge alleging retaliation against Walmart.

52.     On October 12, 2016, attorneys defending Walmart in Hunt's sexual harassment lawsuit (Grant Law, LLC) said in open court that Hunt had recently been terminated for "job abandonment."

53.     On October 13, 2016, Zorek told Hunt she was still in the process of reviewing Hunt's note to see whether an accommodation[1] was required.

54.     On October 21, 2016, Walmart sent Hunt a letter informing her that her Accounting Associate position had been eliminated, instructing her to update her "Career Preferences," and stating that she had 30 days to find a new position.

55.     Hunt was not even working as an Accounting Associate immediately before she went on leave; as mentioned above.

56.     Hunt did as Walmart instructed in the October 21, 2016 letter.

57.     On November 9, 2016, Hunt spoke in person with an HR representative who told her a Modular Team position was available and that Hunt did not even need to interview.

58.     However, on November 15, 2016, Hunt spoke with the HR representative again, this time with Zorek on the phone as well, and they told Hunt that Walmart had no positions available for her.

---

[1] Hunt's doctor advised that she not work with her harasser.

59.     On November 16, 2016, Hunt emailed Zorek, detailing the November 9th conversation with the HR representative and noting that she had called 20 times in the past 15-20 days and had visited in-person on October 21st, November 9th, November 14th, and November 15th. She also asked for more time to find an open position.

60.     On November 17, 2016, Hunt amended her EEOC charge against Walmart, re-alleging that it had retaliated against her and alleging that it had refused to reinstate her based on sex and disability.

61.     On November 21, 2016, Walmart, through its attorneys at Littler Mendelson, supplemented its position statement in relation to Hunt's July 29, 2016 EEOC charge alleging retaliation against Walmart.

62.     Walmart officially terminated Hunt on December 5, 2016.

63.     In the letter, Walmart falsely claimed she had refused positions; falsely claimed she had "insisted" on working on a Modular Team; and falsely claimed that she had "refused to look at open positions at other stores."

64.     Hunt appealed her termination.

65.     Walmart did not reinstate her in response to her appeal.

### Count I: Title VII Retaliation

66.     Plaintiff re-alleges the above paragraphs as if stated here.

67.     Title VII prohibits employers from retaliating against employees who participate in EEO procedures or oppose discrimination. Section 704(a) of the statute states:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment… because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

68.     Hunt participated in EEO procedures and opposed discrimination, as detailed above.

69.     Walmart refused to bring Hunt back to work, despite her repeated attempts, from August 2015-December 2016, because of her participation in EEO procedures and because of her opposition to discrimination.

70.     Walmart terminated Hunt on December 5, 2016, because of her participation in EEO procedures and because of her opposition to discrimination.

71.     As a result of Walmart's violations of federal law, Hunt has been damaged financially, physically, and emotionally.

72.     Punitive damages are necessary to punish Walmart for its violations of federal law.

73.     Punitive damages are necessary to deter Walmart and other companies from committing similar violations of federal law.

74.     Hunt exhausted her administrative remedies: she filed a Charge of Retaliation against Walmart on EEOC charge on July 29, 2016 (which she amended on November 17, 2016 and again on January 4, 2017); she received a right-to-sue on August 23, 2018; and is filing this suit within 90 days thereof.

WHEREFORE, Plaintiff requests that Walmart be found liable, that judgment be entered against it, and that Hunt be awarded all remedies to which she is entitled under the law, including: back pay and benefits, prejudgment interest, front pay, compensatory damages (including for physical and mental pain and suffering), punitive damages, injunctive relief, attorney's fees, costs, and compensation for increased tax liability (if and when she receives monetary compensation for her claims).

## **Jury Demand**

75.     Plaintiff demands trial by jury.

DATE: 11/16/18                                    BY:  ___/s/ Julie O. Herrera




Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com